THE FIRST NATIONAL BANK, COBLESKILL, N. Y., Respondent, v. JOHN J. BEARD, Appellant, and Another, Defendant.— Order affirmed and judgment directed in favor of plaintiff on the stipulation.  Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ., concur.  The court makes the following findings: 1. Plaintiff was at all of the times hereinafter mentioned and still is a banking corporation organized under the laws of the United States, and does business in the village of Cobleskill, Schoharie county, N. Y., while the defendant Norton Stone and Lime Corporation at all of said times was and is a domestic corporation engaged in the stone and lime business in said place. 2. On November 23, 1923, defendant John J. Beard made his promissory note for $2,500 payable four months after date and on December 24, 1923, he made another for $1,500 payable three months after date, and thereby promised to pay said amounts, with interest, at the due dates, to the order of the other defendant, Norton Stone and Lime Corporation, which thereafter and before maturity indorsed and delivered same to plaintiff for value and plaintiff thereupon became and now is the owner and holder thereof.

)

The former had on it a revenue stamp for fifty cents ($.50) and the latter for thirty cents ($.30), both duly canceled. 3. When said notes became due plaintiff duly presented them for payment at its bank where they were payable and then and there duly demanded payment thereof, which was refused, and then and there duly protested same for non-payment. Defendants had due notice thereof and the notes have not been paid nor has any part thereof been paid. 4. They were renewals of other notes for the same amounts, originally given March 22, 1923, and thereafter renewed from time to time until repudiated. A third note for $1,000 payable in thirty days was also given on the original date but was paid when it became due. Plaintiff discounted all on April 3, 1926, and placed the moneys to the credit of the stone corporation, which thereafter disbursed same for its own benefit. 5. The notes were given in payment of fifty shares of the stock of the stone corporation and defendant Beard refused to pay because of certain alleged false and fraudulent representations by the selling agents of the stone corporation in their procurement especially that most of the stock had been sold to New York parties, that the corporation had all the money it needed but that the president had reserved a small amount for his friends in Schoharie county, and that the president of plaintiff bank was a resident director of the corporation and was to look after its affairs to see that the business was properly conducted. 6. Most of the stock was sold to residents of Schoharie county, plaintiff's president did not buy any or become a director, and the corporation did not have all the money it needed. 7. Defendant Beard is a doctor, fifty-one years of age, has practiced in the village for twenty-eight years and has an extensive practice. He has known the president of the stone corporation personally and socially for many years. He had heard of the financial needs of the corporation but thought that the business would show a profit if more capital could be procured. He told the salesmen of the stock that the corporation was " about bankrupt." He knew the situation when he purchased the stock and did not rely upon any of the representations, but acted upon his own judgment. 8. The officers of the bank did not make or have knowledge of any misrepresentations in the sale of the stock. The bank discounted the notes in good faith and for value before any of them became due and defendant renewed them and paid the interest thereon several times thereafter. And the bank became and is the holder in due course and entitled to recover. 9. The plaintiff is entitled to judgment for the face of the notes, with interest, and protest and stamp fees, besides costs.